UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LAMAR HAIRSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>P. DAVIS, et al.,<br><br>    Defendants. | No. 1:23-cv-01186 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 6) |

    Plaintiff has requested the appointment of counsel. ECF No. 6. In support of the motion, Plaintiff states that he is "so lost in this process." Id.

    District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    When determining whether "exceptional circumstances" exist, the Court must consider A plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

A cursory review of Plaintiff's complaint indicates that he has a satisfactory understanding of these proceedings. Specifically, the claims raised in Plaintiff's complaint are not complex. The complaint raises claims of denial of basic necessities, of excessive force and of denial of medical care. See ECF No. 1 at 3-7. In addition, attached to the complaint are documents that appear relevant to those claims. See generally ECF No. 1 at 9-22. For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated:   **March 6, 2024**                           **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE

2