UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LAMAR HAIRSTON,<br><br>         Plaintiff,<br><br>    v.<br><br>DAVIS, *et al.*,<br><br>         Defendants. | Case No. 1:23-cv-01186- -EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 11) |

      Plaintiff Derrick Lamar Hairston is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 22, 2025, Plaintiff filed a renewed motion for appointment of counsel. (ECF No. 11).

      Plaintiff filed a previous motion for appointment of counsel on March 4, 2024, (ECF No. 6) which the Court denied without prejudice on March 6, 2024. (ECF No. 7).

      Plaintiff's current motion requests an appointment of counsel for voluntarily representation because "…well over 730 days passing without any defendant being served; complaint has not took an official step foreward [sic] in these 2 years; no communication has been established between court and plaintiff to provide any additional information." (ECF No. 11, p. 1).

      As the Court previously informed Plaintiff, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require

1

an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

At this time, the Court declines to appoint counsel. While the Court appreciates that this case has been pending since August 10, 2023, the matter has only recently been assigned to the undersigned magistrate judge (*See* ECF No. 10) and will screen Plaintiff's complaint in due course.

Plaintiff's stated circumstances for requesting an appointment of counsel fail to meet the exceptional circumstances standard. Furthermore, at this stage in the case, the Court is unable to determine whether Plaintiff is likely to succeed on the merits of his claims. Additionally, a cursory review of Plaintiff's complaint indicates he is capable of articulating his positions and legal issues without the assistance of counsel.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 1) is **DENIED** without prejudice.[1]

IT IS SO ORDERED.

Dated:   **December 29, 2025**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] While Plaintiff is not precluded from renewing his request for appointment of counsel at a later stage of the proceedings, if Plaintiff renews his request without changed circumstances, the Court will deny the motion without further explanation.