UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DERRICK LAMAR HAIRSTON,

               Plaintiff,

    v.

DAVIS, *et al.*,

               Defendants.

Case No.  1:23-cv-01186-FJS (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM
(ECF No. 17)

FOURTEEN (14) DAY DEADLINE

Plaintiff Derrick Lamar Hairston ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's second amended complaint is currently before the Court for screening.  (ECF No. 17.)

I.    SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

II.    PLAINTIFF'S ALLEGATIONS

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California.  The events in the second complaint are alleged to have occurred while Plaintiff was housed at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California.  Plaintiff names as defendants: (1) P. Davis, Sergeant Officer, SATF; (2) A. Mendoza, Peace Officer, SATF; and (3) L. Silva, Peace Officer, SATF.

Plaintiff alleges that Defendants P. Davis, A. Mendoza, and L. Silva denied him his right to obtain his property from January 7, 2022 to March 4, 2022.  While in ASU, Plaintiff held a status in custody of Non-Discipline Status ("NDS"), which allowed him to have access to all of his property without restriction.  Plaintiff was denied his property out of retaliation from mentioned staff, without good reason.

On January 20, 2022, as Plaintiff was being escorted back to his cell, he brought to the attention of his escorting officers that he was not supposed to still be in a cell without power, and without any of his property.  Plaintiff was ignored and assaulted by Defendants Davis, Mendoza, and Silva while still in cuffs, chained up, on video and body cam.  Plaintiff was also thrown onto the floor while still handcuffed and having the cell door closed on his left foot, smashing it.

Video of the event confirms that Plaintiff was still in an intake cell, which has no power and no property.  The video is attached to Rules Violation Report #7154579, which charges Plaintiff with resisting staff.

2

Plaintiff seeks monetary damages.

III.    DISCUSSION

Plaintiff's second amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

A.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation Plaintiff allegedly suffered.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint provides less information than the original and first amended complaints.  And Plaintiff's second amended complaint fails to sufficiently link a defendant to each alleged violation of his rights.  Plaintiff may not simply state that he was forced into his cell and had a closing door shut on his foot while he was thrown down still cuffed up and then list all the named defendants in this action.  The second amended complaint does not specify who threw Plaintiff down or shut the door on his foot.  In short, Plaintiff has failed to link each individual Defendant to a specific act or omission that violated Plaintiff's rights.

B.    Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's second amended complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.  As in the original and first amended complaints, Plaintiff's allegations are conclusory and aggregated.  Plaintiff's allegations do not state what happened, when it happened, or who was involved.  Again, Plaintiff's second amended complaint includes even less information than was provided in the original and first amended complaints.  As Plaintiff was previously informed, conclusory statements that Plaintiff's rights were violated, without further factual allegations, are not sufficient to state a cognizable claim.

C.     First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation.  The mere threat of harm can be an adverse action."  *Watison*, 668 F.3d at 1114 (internal citations omitted).  A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred.  *Id.*  The filing of grievances and the pursuit of civil rights litigation against prison

officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff states for the first time in his second amended complaint that he was denied his property "out of retaliation" from defendants. (ECF No. 17, p. 4.) Plaintiff does not provide any further factual support for alleging that his property was denied for retaliatory purposes, or that any adverse action was because of any protected conduct by Plaintiff. Plaintiff fails to state a cognizable claim for retaliation.

D.      Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

1.      *Conditions of Confinement*

To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). The circumstances, nature, and duration of the deprivations are critical in determining

5

whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Factors affecting whether a condition is sufficiently serious include its duration, the attendant circumstances, and the nature of the particular deprivation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  Temporary placement in administrative segregation or a holding cell has been found not to rise to the level of a constitutional violation. *See Stafford v. Doss*, No. 2:16-CV-1403-JAM-DMC, 2021 WL 3563490, at *12 (E.D. Cal. Aug. 12, 2021) (four hours in temporary holding cell did not rise to level of Eighth Amendment violation), report and recommendation adopted, 2021 WL 4356036 (E.D. Cal. Sept. 24, 2021); *see also Anderson v. Cty. of Kern*, 45 F.3d 1310, as amended, 75 F.3d 448 (9th Cir. 1995) (placement in administrative segregation for "most of the day" did not satisfy objective prong of Eighth Amendment).

As alleged, Plaintiff fails to state a cognizable claim related to his temporary placement in a cell without property or power.  Plaintiff does not allege a deprivation that is sufficiently serious to meet the objective prong of the deliberate indifference standard.  In addition, Plaintiff fails to sufficiently link any defendant to these allegations.  While Plaintiff alleges that each of Defendants Davis, Mendoza, and Silva denied him his right to obtain his property from January 7, 2022, to March 4, 2022, Plaintiff does not allege whether any defendant was aware he was without his property (aside from the incident on January 20, 2022) or whether Plaintiff made any

requests for his property to any defendant at any other time during the period he was housed in an intake cell.

2.    *Excessive Force*

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether significant injury is evident.  *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

As noted above, Plaintiff's second amended complaint fails to link any defendant to any specific action(s) regarding his allegations that he was forced into his cell and had a door closed shut on his foot while he was thrown down still cuffed up.  Plaintiff must do more than state that defendants "assaulted" him.  Despite being provided multiple opportunities to amend his complaint, Plaintiff has failed to do so.

E.    Fourteenth Amendment – Property

Insofar as Plaintiff also alleges that Defendants wrongfully deprived him access to his property, these allegations also are not sufficient to support a cognizable claim.  Prisoners have a protected interest in their personal property.  *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985).  But "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."  *Hudson*, 468 U.S. at 533.

As Plaintiff contends that Defendants' conduct was an unauthorized deprivation of

7

property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Id.* Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

  F.  <u>Heck v. Humphrey</u>

  In the exhibits attached to his original complaint, Plaintiff alleged that while he was never officially found guilty of the Rules Violation Report arising from the January 20, 2022, incident, he was awarded a time loss of 90 days. (ECF No. 1, p. 11.) In the first amended complaint, Plaintiff stated that his claim is not barred by *Heck v. Humphrey* because he was found guilty of resisting staff but was not given a loss of credits because the amount of time it took to hold his hearing violated CDCR guidelines. Plaintiff stated that he made a mistake claiming that he lost 90 days of credit due to this incident. (ECF No. 15, pp. 4–5.)

  In the second amended complaint, Plaintiff notes the existence of RVR #7154579 charging him with resisting staff but provides no further information regarding the outcome of the disciplinary proceeding. (ECF No. 17, p. 5.)

  In *Heck v. Humphrey*, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck,* 512 U.S. at 486–87. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81–2 (2005).

  Based only on the allegations provided in the second amended complaint, it is not clear whether *Heck v. Humphrey* bars Plaintiff's excessive force claims. In an abundance of caution, the Court accepts at the pleading stage Plaintiff's allegation in the first amended complaint that he did not lose credits because of being found guilty of resisting staff. As explained above, however, Plaintiff has failed to link any defendant to the events giving rise to his excessive force claim.

8

Thus, even though the Court does not find that the claim is *Heck*-barred, Plaintiff's second amended complaint nevertheless fails to state a cognizable claim.

IV.    CONCLUSION AND RECOMMENDATION

For the reasons discussed, the Court finds that Plaintiff's second amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 7, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

9